# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE BUTLER, *et al.* | * | |
| v. | * | Civil Action No. CCB-17-1738 |
| MARINER FINANCE, LLC | * | |
| | * | |

\*\*\*

## **Memorandum**

The plaintiffs, Catherine and James Butler, sued the defendant, Mariner Finance, LLC, ("Mariner") in state court claiming Mariner violated the Truth in Lending Act and committed four state law violations: violation of Maryland's Credit Grantor Closed End Credit Provisions, MD. CODE ANN., COM. LAW § 12-1001, *et seq.*; Maryland's Debt Collection Act, MD. CODE ANN., COM. LAW § 14-202(8); Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW § 13-301, *et seq.*; and fraud. Mariner successfully removed the case to federal court and now moves to compel arbitration under a contract signed by the parties.

## Background

In December 2006 the plaintiffs Catherine and James Butler entered into a retail installment contract with Deer Automotive Group, LLC for the purchase of a 2003 Mercury Mountaineer. (Compl. ¶ 7). The original purchase price for the truck was $23,900 but the total financed amount over a six-year loan was $28,569.60. (*Id.*). The Butlers first payment was due on January 23, 2007. (*Id.*).

The installment contract was assigned to Wells Fargo Auto Finance, Inc., to which the Butlers made payments until around June 2012, when the defendant Mariner Finance contacted the Butlers indicating that it had been assigned the rights under the contract. (*Id.* at ¶ 8-10).

1

Mariner asked the Butlers to enter into a "Note, Security Agreement & Arbitration Agreement" dated June 7, 2012. (*Id.* at ¶ 11). The agreement gave Mariner a security interest in the truck and detailed the terms of the installment contract between the parties. (*Id.* at ¶ 12-17). In addition to the original loan amount, Mariner charged the Butlers for life insurance on its interest, non-filing insurance, and vendor's single interest insurance. (*Id.* at ¶ 15).

Almost yearly, for the next three years, Mariner asked the Butlers to enter new agreements.[1] (*Id.* at ¶ 18-33). Despite at least three of the four agreements between the parties including insurance costs,[2] the Butlers never received the insurance policies or certificates for which they were purportedly paying. (*Id.* at ¶ 34). In fact, the Butlers allege that they "do not recall separately applying for these insurances and it is unclear if these insurances were ever purchased." (*Id.*). The plaintiffs further allege that because the Fourth Agreement included a refinance charge that was not prepaid "but . . . made part of the principal amount of the loan" it should have been, but was not, included within Mariner's Truth in Lending disclosure. (*Id.* at ¶ 37). They also assert that they were not refunded for the amount they paid in credit life insurance "even though the loans were refinanced or defaulted prior to the scheduled maturity date of the indebtedness." (*Id.* at ¶ 39).

Sometime in October 2016, the Butlers informed Mariner that their truck was no longer working. (*Id.* at ¶ 41). The parties agreed that Mariner would transfer title of the truck to the Butlers in exchange for $300. (*Id.*). The Butlers believed that this agreement extinguished their obligations under the Fourth Agreement. (*Id.*). Mariner disagreed; it filed suit in the District Court of Maryland for Baltimore City in February 2017 alleging that the Butlers breached the

---

[1] New agreements were allegedly entered into on July 5, 2013, November 29, 2014, and May 25, 2016.
[2] The Butlers "do not possess a copy of the Third Agreement." (Compl. ¶ 25).

2

fourth loan agreement, (*id.* at ¶ 43), and seeking to collect principal and interest totaling approximately $3,200. (Pls.' Opp., ECF No. 9, 2).

Three months later the Butlers filed this suit in the Circuit Court for Baltimore City on May 24, 2017. (Notice of Removal, ECF No. 1). The following month Mariner removed the suit to federal court, (*id.*), and now moves to compel arbitration. (ECF No. 7).

**Standard of Review**

"Motions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment" and "[w]hether the motion should be treated as a motion to dismiss or a motion for summary judgment turns on whether the court must consider documents outside the pleadings." *PC Const. Co. v. City of Salisbury*, 871 F. Supp. 2d 475, 477-78 (D. Md. 2012); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 240-41 (4th Cir. 2017) (adopting the summary judgment standard used by the district court). Because the court need not consider documents outside the pleadings, Mariner's motion to compel will be treated as a motion to dismiss.[3]

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint

---

[3] The court is considering the May 25, 2016 agreement, however it may do so at the motion to dismiss stage because the document is "integral to and explicitly relied on in the complaint" and the parties do not dispute its authenticity. *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**Analysis**

The parties do not contest that their dispute is subject to arbitration under the terms of their underlying contract but they do disagree over whether Mariner's right to compel arbitration was waived after it brought a state court suit to collect on its loan agreement with the Butlers. They also disagree about which waiver law, federal or state, the court should apply to decide the motion.

Because the Federal Arbitration Act ("FAA") controls this case, federal waiver law applies. Applying that law, the court will grant Mariner's motion to compel arbitration because the Butlers have not been prejudiced within the meaning of the FAA.

1. Applicable Law[4]

Mariner argues that because this case was removed to federal court and its motion to compel was brought under the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the court should look only to federal law when deciding the issue of waiver. (Def.'s Reply to Pls.' Opp., ECF No. 12, 2).

The defendant's position is well-supported by Fourth Circuit precedent, which has consistently applied the FAA's "default" doctrine to cases involving potential waivers of arbitration agreements. *See Harmoosh*, 848 F.3d at 241; *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 702 (4th Cir. 2012); *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 342-43 (4th Cir. 2009); *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981-82 (4th Cir.

---

[4] The Court is aware of, and has considered, the supplemental authority submitted by each party.

1985). The Butlers insist instead that the waiver rule developed in a recent opinion from the Maryland Court of Appeals, *Cain v. Midland Funding, LLC*, 452 Md. 141 (2017), controls this case, arguing that in *Cain*, the Court of Appeals applied state law to decide whether an arbitration agreement was waived. *Cain*, 452 Md. at 153-54. While the Butlers are correct that *Cain* applied state waiver law to an arbitration agreement, it did so on grounds inapplicable to the Butlers' case.

The *Cain* court explained why state law applied to the case before it: (1) the parties assumed that Maryland law applies; (2) the party moving to compel arbitration filed its motion under the "Maryland Uniform Arbitration Act, not the Federal Arbitration Act;" and, in any event, (3) in state court the Supreme Court has held that state law may apply to waiver issues. *Cain*, 452 Md. at 151, 153 nn.9-10. These reasons were offered to explain the Maryland Court of Appeal's departure from the "federal circuit courts'" practice of "address[ing] the question of waiver under § 3 of the Federal Arbitration Act . . . rather than § 2." *Id.*

There is no reason to depart from that practice here. None of the factors above are relevant to this case. The parties do not assume state law applies, the defendant's motion was filed under the FAA, and this case is in federal, rather than state, court. Fourth Circuit precedent controls; the parties' waiver arguments will be analyzed under §§ 3 and 4 of the FAA rather than under state law.

2. Waiver under the Federal Arbitration Act

Under the FAA's waiver standard Mariner's motion to compel arbitration will be granted. The FAA has it that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such

5

agreement." 9 U.S.C. § 4. The court shall grant such an application when it satisfies itself that a valid arbitration agreement exists. 9 U.S.C. § 3. But a party may lose its right to compel arbitration under a valid agreement if it is in "default." *Id.*

Default under the FAA is a narrower version of waiver, limited by "the strong federal policy favoring arbitration" represented by the statute. *Forrester*, 553 F.3d at 342. A party defaults under the FAA only if it "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice" the opposing party. *Harmoosh*, 848 F.3d at 241 (quoting *Maxum Founds.*, 779 F.2d at 981). "Delay and the extent of the moving party's trial-oriented activity" are material facts in assessing prejudice. *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 587 (4th Cir. 2012) (quoting *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001)). Under this standard, even a party who, in the same case, spends six months litigating through discovery before requesting arbitration does not waive its right to arbitration without more. *See Rota-McLarty*, 700 F.3d at 703-04.

The Butlers rest their waiver argument on the *Cain* test developed by the Maryland Court of Appeals, which does not require a showing of prejudice. *Cain*, 452 Md. at 154-55. They argue that because Mariner filed suit in small claims court to collect the debt related to the Butlers' claims,[5] it has waived its right to arbitration. As the court has already decided, however, § 3 of the FAA controls the waiver issue in this case.

Nor is there any likelihood that an attempt to show prejudice would be successful. There is no indication that Mariner's state court suit, which is stayed, has either delayed the Butlers' own claims or unduly saddled the Butlers with useless litigation costs or other disadvantages. *See MicroStrategy*, 268 F.3d at 250-51 (finding that an arbitration agreement was not waived

---

[5] Mariner's small claims court action is not subject to arbitration under the arbitration agreement. (Def.'s Mot. to Compel, Ex. 1, ECF No. 7).

because "the bulk of the activity" in the moving party's separate litigation-focused suits "was directed toward . . . state-law claims, and no decision on the merits . . . was ever made" despite those separate actions involving "many motions, responses, and other procedural maneuvers"). Accordingly, the Butlers fail to show that they were prejudiced, within the meaning of the FAA, by Mariner's litigation behavior. Mariner's motion to compel arbitration will be granted.

## Conclusion

For these reasons, the defendant's motion to compel arbitration will be granted. The plaintiffs' suit will be stayed as requested. A separate order follows.

    December 6, 2017                                       /s/
              Date                                         Catherine C. Blake
                                                         United States District Judge